**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States of America,

      Plaintiff

v.

Damien Norris,

      Defendant

Case No.: 2:17-cr-00124-JAD-EJY-3

**Order Denying Motion to Vacate, Set Aside, or Correct Sentence**

[ECF No. 554]

After a three-day jury trial, Damien Norris was found guilty of distribution of Oxycodone—a Schedule II controlled substance—and not guilty of conspiracy to distribute. Norris appealed his conviction, and the Ninth Circuit affirmed, finding the verdict "supported by overwhelming evidence."[1]  He now petitions for habeas relief under 28 U.S.C. § 2255, raising seven grounds for relief.  Four of them are based on alleged constitutionally ineffective assistance of his trial counsel, who Norris alleges failed to (1) challenge "altered phone logs" at trial, (2) file a motion for a bill of particulars, (3) object to Federal Rule of Evidence (FRE) 404(b) other-bad-act evidence, and (4) request a continuance to gather impeachment evidence. Norris's three remaining grounds are that (5) the indictment was based on false testimony; (6) the government failed to prove the elements of the offense of which Norris was convicted; and (7) there wasn't sufficient evidence to support the court's finding that he committed perjury, which had led to a two-level sentence enhancement.

I find that ground one fails to state a claim for ineffective assistance of counsel because Norris's attorney thoroughly cross-examined the government's witnesses about the phone logs

---

[1] ECF No. 516 at 4 (mem. order of the court of appeals).

and because, even if the challenged log had been excluded from the evidence, the government had already overwhelmingly proven its case. Grounds two through six are procedurally defaulted because Norris failed to raise them during his direct-appeal proceedings, and that procedural default cannot be excused because Norris hasn't established that there is cause and prejudice to do so. Finally, ground seven fails because Norris can't show that his testimony at trial was truthful. So I deny Norris's petition in its entirety. And because reasonable jurists would not find my adjudication of Norris's petition debatable or wrong, I deny him a certificate of appealability.

## Discussion

A federal prisoner may attack the legality of his conviction under 28 U.S.C. § 2255 by showing that "the sentence was imposed in violation of the Constitution or the laws of the United States," "the court was without jurisdiction to impose such a sentence," the sentence was in "excess of the maximum authorized by law," or the sentence is "otherwise subject to collateral attack."[2] If the court so finds, it must "vacate and set the judgment aside and . . . discharge the prisoner[,] resentence him[,] grant a new trial[,] or correct the sentence as may appear appropriate."[3] A prisoner filing a claim for federal habeas relief under § 2255 is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[4] No evidentiary hearing is warranted if the petitioner's "allegations, when viewed against the record, do not state a claim for relief or are so palpably

---

[2] 28 U.S.C. § 2255(a).

[3] *Id.* at § 2255(b).

[4] *Id.*; *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) ("We have characterized this standard as requiring an evidentiary hearing where 'the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'") (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)).

incredible or patently frivolous as to warrant summary dismissal."[5]  And a defendant who fails to raise a claim on direct review is deemed to have procedurally defaulted it and may only raise it later in a habeas petition if he can demonstrate cause and actual prejudice, or actual innocence.[6]

## I.    Grounds one through four

### A.    Ineffective-assistance-of-counsel standard

The right to counsel embodied in the Sixth Amendment provides "the right to the effective assistance of counsel."[7]  Counsel can "deprive a defendant of the right to effective assistance[] simply by failing to render 'adequate legal assistance[.]'"[8]  In the hallmark case of *Strickland v. Washington*, the United States Supreme Court held that an ineffective-assistance claim requires a petitioner to show that: (1) his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms in light of all of the circumstances of the particular case;[9] and (2) it is reasonably probable that, but for counsel's errors, the result of the proceeding would have been different.[10]

A reasonable probability is "probability sufficient to undermine confidence in the outcome."[11]  Any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct so as to avoid the distorting

---

[5] *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989) (cleaned up).  I find this motion suitable for resolution without an evidentiary hearing.

[6] *Bousley v. United States*, 523 U.S 614, 622 (1998) (citations omitted).

[7] *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).

[8] *Id.* (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 335–36 (1980)).

[9] *Strickland*, 466 U.S. at 690.

[10] *Id.* at 694.

[11] *Williams v. Taylor*, 529 U.S. 362, 390–91 (2000).

3

effects of hindsight.[12]  "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practice or most common custom."[13]  The burden is on the petitioner to overcome the presumption that counsel made sound trial-strategy decisions.[14]

Both prongs of the *Strickland* inquiry must be satisfied to establish constitutionally ineffective assistance of counsel; a failure to satisfy either requires that the petitioner's claim be denied.[15]  Federal courts need not address the prejudice prong of the *Strickland* test "if the petitioner cannot even establish incompetence under the first prong."[16]  Conversely, courts "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."[17]

**B.     Ground one**

Norris first argues that the government prosecuted its case against him by altering phone logs to match a federal agent's falsified testimony and that his counsel's failure to object to that evidence amounted to constitutionally ineffective assistance.[18]  His argument rests on a fact that caused some confusion at trial: Norris had two different phone numbers through which he was facilitating the distribution of narcotics.  The federal agent who testified about the phone records appears to have misspoken about which of the two phone numbers was subject to a specific

---

[12] *Strickland*, 466 U.S. at 689.

[13] *Harrington*, 562 U.S. at 104.

[14] *Id.*

[15] *Strickland*, 466 U.S. at 697.

[16] *Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir.), *cert. denied*, 525 U.S. 839 (1998).

[17] *Strickland*, 466 U.S. at 697.

[18] ECF No. 554 at 6.

subpoena.[19]  But Norris presents no evidence to suggest that the government falsified evidence

because of that testimony.  Further, his trial counsel vigorously cross-examined the testifying

agent about the phone records and what they proved about Norris's activities.[20]  And the jury

convicted Norris of distribution of Oxycodone after seeing and hearing video evidence and

testimony about a controlled purchase.  So even if the log that the agent testified about had been

excluded from evidence, there isn't a reasonable likelihood that the outcome of Norris's trial

would have been different.  I thus cannot find that counsel was deficient or that his alleged

deficiencies prejudiced Norris's case.

### C.    Grounds two through four

Norris further argues that his trial counsel was ineffective because he failed to file a

motion for a bill of particulars, object to FRE 404(b) evidence, and request a continuance to

gather impeachment evidence.[21]  Norris concedes that he did not raise these issues to the Ninth

Circuit on direct appeal, so they are procedurally defaulted.[22]  But Norris appears to argue that

the blame lies with his appellate counsel, who filed the appeal without these claims because he

"screened" Norris's calls and did not speak to Norris until after the appeal was filed.[23]

"Ineffective assistance of appellate counsel, if proved, constitutes cause for procedural

default."[24]  But "[a]ppellate counsel's failure to raise an issue on appeal does not constitute

---

[19] ECF No. 570 at 8 & n.1.

[20] ECF No. 399 at 66–68.

[21] ECF No. 554 at 7–11.

[22] *Id.*

[23] *Id.* at 8.

[24] *Bret v. United States*, 993 F.2d 881 (9th Cir. 1993) (citing *Murray v. Carrier*, 477 U.S. 478, 488–92 (1985)).

5

1  ineffective assistance of counsel if counsel had no reasonable likelihood of success in arguing the

2  issue."[25]

3          As to the second ground, Norris claims that his trial counsel was ineffective because he

4  failed to file a motion for a bill of particulars, which, if granted, would have required the

5  government to lay out the evidence of conspiracy supporting that charge against him.  Even if

6  trial counsel should have done so, Norris was not prejudiced by that failure because the jury

7  acquitted him of the conspiracy charge.  Appellate counsel thus had no reason to argue the issue

8  on direct appeal because there was no reasonable likelihood of success on this moot claim.

9          In his third ground, Norris argues that "all the evidence provided in this case"—and

10 specifically certain phone calls played for the jury—"was [FRE] 404(b)" other-bad-act evidence

11 and that his trial counsel's failure to object to it as such prejudiced his trial outcome.[26]  But the

12 phone calls that Norris asserts shouldn't have been presented to the jury were presented and

13 argued as substantive evidence of the conspiracy charge of which the jury acquitted him.[27]  So

14 his appellate counsel was right not to raise the issue on direct appeal because the phone calls

15 were not 404(b) evidence, and Norris suffered no prejudice from their admission at trial.

16         Norris's fourth ground emphasizes that his trial counsel should have asked the court for a

17 continuance to gather more impeachment evidence about one of the government's witnesses so

18 that counsel's cross examination of him could've been more thorough.  But counsel *did*

19 thoroughly cross examine that witness.[28]  Counsel challenged him on his drug addiction, his

20 recollection of events, and incentives to testify, and counsel argued to the jury that all these

21 _____

22 [25] *Id.* (citation omitted).
   [26] ECF No. 554 at 9.

23 [27] *See* ECF No. 399 at 130.
   [28] *See id.* at 106–23.

6

1    factors made him an incredible witness.[29]  Norris does not argue that the government failed to

2    provide more impeachment evidence about that witness to the defense, nor does he argue that

3    such evidence even exists.  Appellate counsel's decision to not raise these meritless grounds on

4    direct appeal thus cannot amount to cause to excuse procedural default.

5    **II.    Grounds five through seven**

6         As with Norris's second through fourth grounds, grounds five through seven—that the

7    indictment was based on false testimony, the government failed to prove the elements of the

8    distribution charge, and the court erred in applying a perjury enhancement to his sentence—are

9    procedurally defaulted because he did not raise them on direct appeal.[30]  Norris appears to argue

10   that appellate counsel was constitutionally ineffective for not raising them, and thus there is

11   cause and actual prejudice to excuse the default.  But none of these grounds had a likelihood of

12   success, so appellate counsel needn't have raised them in direct-review proceedings.

13        The Ninth Circuit has long held that a "petit jury's conviction . . . beyond a reasonable

14   doubt . . . establishes that there was probable cause to charge [the defendant]," extinguishing any

15   prejudice resulting from the indictment.[31]  So any fault in the probable-cause basis of the grand

16   jury's indictment is "rendered harmless"[32] by the jury's finding that Norris was guilty of the

17   charge beyond a reasonable doubt.  And his claim that the government did not prove its case at

18   trial is belied by the verdict, the denial of his Federal Rule of Criminal Procedure 29 motion for

19   judgment of acquittal, and the court of appeals' affirmance of the conviction.  Norris's mere

20

21   _____

     [29] *Id.*

22   [30] ECF No. 554 at 12–15.

23   [31] *United States v. Navarro*, 608 F.3d 529, 539–40 (9th Cir. 2010) (citation omitted).

     [32] *Id.* at 540 (citations omitted).

                                              7

1  disagreement with the jury's factual findings is not grounds for habeas relief, and appellate

2  counsel had no duty to raise such a meritless claim on direct appeal.

3        Norris's final ground for relief argues that the court erred in applying a two-level

4  sentencing enhancement for obstruction of justice because there was no evidence that he was

5  lying when he testified at trial.[33]  The United States Sentencing Guidelines instruct that a

6  defendant's base-offense level should be increased by two levels if the court finds that he

7  obstructed justice, which includes conduct such as committing or suborning perjury.[34]  The

8  Ninth Circuit requires district courts to make an explicit finding that the defendant willfully gave

9  false testimony on a material matter.[35]  During Norris's sentencing hearing, I explicitly made the

10 finding by a "preponderance of the evidence" that Norris provided "false testimony. . . . on a

11 material matter . . . . with willful intent."[36]  There was evidence that his testimony at trial was

12 perjured—he had testified that the government informant to whom he sold Oxycodone was only

13 with him in the moment that the controlled-purchase operation happened because he was paying

14 off a prior car-wash debt.[37]  All the other testimony and evidence about that interaction made

15 Norris's account of it wholly incredible.  The jury found him guilty, this court explicitly found

16 that he committed perjury, and the court of appeals affirmed.  So these grounds too fail to

17 provide Norris a basis for habeas relief.  I thus deny his petition in its entirety.

18

19

20

[33] ECF No. 554 at 16–17.

21

[34] Obstructing or Impeding the Administration of Justice, FCJ Federal Sentencing Guidelines
   Manual § 3C1.1 & cmt. n.4(b) (11/1/21).

22

[35] *United States v. Jimenez-Ortega*, 472 F.3d 1102, 1103 (9th Cir. 2007).

23 [36] ECF No. 461 at 24–26.

[37] *Id.*

**III.    Certificate of appealability**

To appeal this order, Norris needs a certificate of appealability from a circuit or district judge.[38]  In deciding whether to grant one, I consider if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[39]  Although this standard is "lenient,"[40] I find that Norris does not meet it.  So I deny him a certificate of appealability.

**Conclusion**

IT IS THEREFORE ORDERED that Damien Norris's motion to vacate, set aside, or correct sentence **[ECF No. 554] is DENIED**.  A certificate of appealability is **DENIED**.

The Clerk of Court is directed **to enter a separate civil judgment denying Norris's § 2255 petition and denying a certificate of appealability**.  The Clerk must also file this order and the civil judgment in this case and in the related civil case: 2:22-cv-00185-JAD.

_____
U.S. District Judge Jennifer A. Dorsey
July 13, 2022

---

[38] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).

[39] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation marks omitted).

[40] *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).